UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) C/A No. 6:07-4142-MBS-WMC | |
|          Plaintiff, | ) | |
| vs. | ) | |
| WFMY News 2, d/b/a digtriad.com, | ) | **ORDER** |
|          Defendant. | ) | |
| _____ | ) | |

      This is a 42 U.S.C. § 1983 civil rights case filed by a prisoner. On January 16, 2008, Jonathan Lee Riches (Plaintiff) filed a document entitled Motion for Change of Venue. [Docket Entry No. 6]. In his Motion, Plaintiff asks this Court "for a change of venue of the above case to the Eastern District of Virginia." Plaintiff, who is currently incarcerated at FCI-Williamsburg, further states that he is scheduled for a transfer to FCI-Petersburg, Virginia, on January 27, 2008.

      There is no special venue statute for civil rights actions, so the general venue statute 28 U.S.C. § 1391 controls. Title 28 U.S.C. § 1391(b) provides, in relevant part, that a civil action may be brought in the judicial district where any defendant resides or in which the claim arose. Plaintiff is located in, and the claim allegedly arose in, the District of South Carolina. Plaintiff failed to provide service documents with his § 1983 Complaint, therefore, the residence of the Defendant is unknown.

      Title 28 U.S.C. § 1404(a) allows a district court, "if it be in the interest of justice," to transfer such case to any district or division in which it could have been brought. However, it is not in the interest of justice to transfer this action to a district that has no apparent connection to the case, other than the Plaintiff's possible relocation to a Bureau of Prisons (BOP) facility within that district. **Therefore, Plaintiff's Motion for Change of Venue is denied.**

      **IT IS SO ORDERED**.

January 23, 2008                                     s/William M. Catoe
Greenville, South Carolina                    United States Magistrate Judge